IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE

John C. Hixson, Jr.,
    Debtor(s)

Ronda J. Winnecour, Chapter 13 Trustee,
    Movant,
  - vs. -

John C. Hixson, Jr.,
    Respondent.

Case No. 17-22075-CMB

Chapter 13

Document No.:

Related to Document No. 145

### REPLY TO TRUSTEE'S MOTION TO DISMISS CASE

1.    Admitted.

2.    Admitted.

3.    It is admitted that the Plan Base has been reached. The Principal claimed by the PNC Bank Amended Claim (Claim 2-2 filed 3/13/2019) has been paid out with the exception of $402.55; however, the Trustee is holding $2,198.31 according to the Case Profile on the Trustee's website. There are sufficient funds to pay the remaining balance owed on the PNC Bank mortgage principal.

4.    Admitted. By way of further response, PNC did not object to the change in treatment of the Plan nor to the plan payment amount. Additionally, the Note attached to the original claim filed by PNC Bank (Claim 2-1 filed 7/6/2017) was only for $25,000.00. Said Note was dated April 28, 2008. It is almost inconceivable that the principal was not paid down lower than even the $22,957.78 claimed in the Amended Claim in March 2019, or the original claim amount of $23,841.30 in the original claim filed in July 2017.

5. The Debtor is without information as to whether the Trustee ever obtained payoff information. The Debtor's information is based on the claims filed by PNC Bank. The Plan was calculated to cover the amount of that claim.

6. It is admitted that the escrow amount was adjusted yearly. By way of further answer, those adjustments were mostly rather small, and in fact one actually was a reduction. The only substantial increase was in 2024 by approximately $60.00 per month. The original Plan and amendments were calculated in such a way as to provide for the escrow payments.

7. It is admitted that said language is in the stipulated order. However, Debtor believes that an allowance for escrow was provided for in the original and the amended Plan.

8. Debtor believes that the arrears were ultimately rolled into the Amended Claim filed by PNC Bank. By way of further answer, it is possible that some of that amount represented unpaid interest, and if the unpaid interest was rolled into the principal, then the Plan payments may have actually been covering interest on interest, thus compounding the interest.

9. Debtor's counsel has requested a recent payoff and is waiting for same from PNC Bank.

10. Debtor believes that the stipulated order amending the Plan is binding on PNC Bank as there was no objection to same. The mortgage should be held satisfied with the small remaining payment due on the principal, which the Trustee is holding.

11. Denied. The Debtor has met the requirements of the Plan as amended by the Stipulated Order.

12. Debor's counsel is waiting on a payoff from PNC Bank. However, Debtor asserts that PNC Bank is bound by the terms of the Plan as amened by the Stipulated Order.

13. Admitted.

14. The Debtor has met the requirements of the Plan as amended by the Stipulated Order. There is no basis for dismissing the case if the Debtor has fulfilled his requirements. PNC Bank has no basis or right to ignore the Plan to which it did not object.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order denying the Trustee's Motion to Dismiss, and for such other relief the Court deems equitable and just.

RESPECTFULLY SUBMITTED, this 28th day of August, 2024.

/s/ Mark A. Rowan
Name:            Mark A. Rowan
Attorney I.D.: 67095
Address:         890 Vanderbilt Road
                 Connellsville, PA 1542
Phone #:         724-628-8180
Facsimile #:     724-628-8189
E-Mail:          markrowan1@verizon.net

Attorney for the Debtor